FILED

January 13, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 9:22 AM





# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **MARGARET VIRGIL** | ) | **Docket No.: 2015-05-0274** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 43911-2015** |
| **NISSAN NORTH AMERICA** | ) | |
| **Employer.** | ) | **Judge Dale Tipps** |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED MEDICAL BENEFITS

---

This matter came before the undersigned workers' compensation judge on January 5, 2016, on the Request for Expedited Hearing filed by the employee, Margaret Virgil, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Ms. Virgil's back and right leg injury and her entitlement to medical benefits. The central legal issue is whether Ms. Virgil is likely to establish she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court finds Ms. Virgil is not entitled to the requested medical benefits at this time.

## History of Claim

Ms. Virgil is a fifty-eight-year-old resident of Rutherford County, Tennessee. She has worked for Nissan for thirty years. Since May 2015, she has worked as a PQA, a quality assurance position. Before then, she worked in material handling for sixteen or seventeen years. She described both jobs as physically demanding.

Ms. Virgil described the onset of low back and right leg pain during her last year in material handling. Her problems worsened when she began her new duties in May 2015, leading her to report a work injury to Nissan in June 2015. Nissan provided a medical panel to Ms. Virgil, and she selected Dr. Jeffrey Hazlewood. (Ex. 8.)

Dr. Hazlewood saw Ms. Virgil on June 17, 2015. He noted she had a twenty-year

1

history of occasional low back pain. She began having low back pain after she began a job requiring more standing and "a lot of bending." Dr. Hazlewood characterized Ms. Virgil's pain as 60% in her low back and 40% in her right thigh. After examining Ms. Virgil, his impression was "[m]echanical low back pain non-specific." He did not feel Ms. Virgil's pain was discogenic and noted she had no radicular symptoms. He indicated this was "non-specific back pain with probably some musculoligamentous component, probably degenerative spine disease with a history of pre-existing back problems intermittently." (Ex. 2.)

Dr. Hazlewood addressed causation as follows:

I cannot state there is a structural injury here or relation to her work given the total assessment. Per page 199[1], 'The presence of non-specific low back pain cannot be construed as indicative of low back injury.' There has been no association scientifically of lifting, awkward postures, or repetitive bending to idiopathic/non-specific back pain. . . . In summary, I cannot state this is a work related injury given this presentation.

*Id.*

After receiving Dr. Hazlewood's office note, Nissan denied Ms. Virgil's claim on June 23, 2015. (Ex. 9.) She sought treatment under her health insurance with Dr. William Newton. Dr. Newton's note of December 21, 2015, shows Ms. Virgil complained of pain mostly in the posterior aspect of her right hip and gluteal area. He noted, "a several year history of pain affecting the lower back but this [has] gotten progressively worse over the past several weeks." Dr. Newton reviewed Ms. Virgil's pelvic MRI and noted some evidence of partial tearing of the gluteous minimus insertion on the right. He felt this was consistent with where she was having pain. He also noted this was not likely to require surgery, but referred Ms. Virgil to Dr. Michael Jordan for a surgical opinion. (Ex. 5.)

At the request of Ms. Virgil's attorney, Dr. Newton filled out a questionnaire on January 4, 2015. He indicated that Ms. Virgil's lower back and upper leg pain is the result of lumbar spondylosis. He also opined that her condition was not primarily caused by her employment at Nissan. (Ex. 4.)

Ms. Virgil filed a Petition for Benefit Determination seeking medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Virgil filed a Request for Expedited Hearing, and this Court heard the matter on January 5, 2016.

---

[1] Of the *AMA Guides to the Evaluation of Disease and Injury Causation, Second Edition.*

At the Expedited Hearing, Ms. Virgil asserted she is entitled to medical benefits for a repetitive motion condition arising primarily out of and in the course and scope of her employment. She acknowledged that Dr. Hazlewood was her authorized physician, but testified that his examination was cursory, lasting less than an hour and including no MRI or diagnostic tests. She argued that his opinion is thus medically and legally insufficient to merit the statutory presumption of correctness. Regarding Dr. Newton's causation opinion, Ms. Virgil notes that he only addressed whether her work caused her lumbar spondylosis, not whether her work aggravated that pre-existing condition. She contends that she has a proven injury, and the most likely cause of that injury or its aggravation is many years of heavy physical work at Nissan.

Nissan countered that Ms. Virgil is not entitled to workers' compensation benefits because she failed to present evidence that her injury arose primarily out of and in the course and scope of her employment. It disputes that there are two distinct injuries, noting the proof indicates Ms. Virgil reported a single injury to her low back and right leg. Nissan contends Dr. Hazlewood's opinion, as the authorized treating physician, is entitled to a presumption of correctness and is supported by Ms. Virgil's own doctor.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). Injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the

3

need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(14)(B) (2015).

The parties dispute whether Ms. Virgil suffered two separate gradual injuries, a single gradual injury, or an aggravation of a preexisting condition. The medical evidence submitted to date makes it unnecessary to resolve that issue at this time.

Ms. Virgil selected Dr. Hazlewood from a panel of physicians provided by Nissan. Therefore, Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for Dr. Hazlewood's causation opinion. That opinion stated that Ms. Virgil's condition did not arise primarily out of her employment.

Ms. Virgil objects to Dr. Hazlewood's opinion on the ground that it was medically deficient. Ms. Virgil, however, submitted no medical evidence to support this argument. Ms. Virgil's allegations regarding the quality of Dr. Hazlewood's evaluation constitute nothing more than a lay opinion. The Court cannot substitute its medical opinion, or that of Ms. Virgil, for the professional opinion of Dr. Hazlewood. Absent a contrary medical opinion, she cannot rebut the presumption of correctness afforded Dr. Hazlewood's opinion by the statute. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn. Workers' Comp. App. Bd. Aug. 8, 2015). Further, even if Dr. Hazlewood's opinion were not entitled to the presumption of correctness, Dr. Newton agrees that Ms. Virgil's injury was not work-related. Ms. Virgil's contention that she suffered an aggravation of a pre-existing injury is, as she acknowledged during the hearing, unsupported by any medical proof.

Therefore, as a matter of law, Ms. Virgil has not come forward with sufficient evidence from which this Court may conclude she is likely to prevail at a hearing on the merits. Her request for medical benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Virgil's claim against Nissan and its workers' compensation carrier for the requested medical benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on February 11, 2016, at 9:00 a.m.

**ENTERED** this the 13th day of January, 2016.

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

5

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5.  The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.  If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Medical History Intake form
2. Dr. Jeffrey Hazlewood's Initial Evaluation of June 17, 2015
3. October 31, 2015 MRI report from The Imaging Center
4. Dr. William Newton's letter of January 4, 2016
5. Dr. Newton's December 21, 2015 office note
6. First Report of Injury
7. Employee/Manager Medical Statement
8. Form C-42 Physician Panel
9. Form C-23 Notice of Denial
10. June 8, 2015 Nissan Attending Physician Report

Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Medical Benefits was sent to the following recipients by the following methods of service on this the 13th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Zachary Wiley | | | X | zwiley@forthepeople.com |
| Thomas Tucker | | | X | tomtucker@bellsouth.net |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**